Eric A. Liepins
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 1100
Dallas, Texas 75251
Ph. (972) 991-5591
Fax (972) 991-5788

ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| Signature Car Spa I, L.P. | § | Case no. 04-80418-SAF-11 |
| | § | |
| DEBTOR | § | |

**AMENDED PLAN OF REORGANIZATION OF SIGNATURE CAR SPA I, L.P. PURSUANT TO**
**SECTION 1125 OF THE BANKRUPTCY CODE DATED DECEMBER 30, 2004**

**TO:    ALL PARTIES-IN-INTEREST, THEIR ATTORNEYS OF RECORD AND TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COME NOW, Signature Car Spa I, L.P., Debtor and Debtor-in-Possession in the above-referenced bankruptcy cases, and proposes the following Plan of Reorganization, as modified ("Plan"). The Plan proposes segregation of the Creditors and Equity Interest Holders of the Debtor into 6 separate classes.

## ARTICLE I
**DEFINITIONS**

Unless the context otherwise requires, the following capitalized terms shall have the meanings indicated when used in this Plan and in the accompanying Disclosure Statement, which meaning shall be equally applicable to both the singular and plural forms of such terms. Any term in this Plan that is not defined herein but that is used in title 11, United States Code ("Code") shall have the meaning assigned to such term in the Code.

1. "**Administrative Claim**" shall mean those Claims entitled to priority under the provisions of Section 507 of the Code, pursuant to a claimed and allowed administrative expense priority under Section 503(b) of the Code.

2. "**Allowed Claim**" as to all Classes, hereinafter specified, shall mean a Claim against Debtor (a) for which a Proof of Claim has been timely filed with the Court by the Bar Date, or, with leave of the Court and without objection by any party-in-interest, late-filed and as to which neither the Debtor nor any party-in-interest files an objection or as to which the Claim is allowed by Final Order of the Court, or (b) scheduled in the list of creditors, as may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, as to which no objection to the allowance thereof has been interposed through closing of this case, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending. This category includes all Claims deemed unsecured pursuant to §506(a) of the Code. When "Allowed Claim" is used in the context of a Secured Claim, the provisions of §506(b) of the Code shall also apply.

3. "**Allowed Secured Claim**" shall mean an Allowed Claim secured by a lien, security interest, or other encumbrance on the properties owned by the Debtor, which lien, security interest, or other encumbrance has been properly perfected as required by law, to the extent of the value of the property encumbered thereby. That portion of such Claim exceeding the value of the security held therefor shall be an Unsecured Claim, as defined below and determined pursuant to 11 U.S.C. §506(a).

4. "**Allowed Unsecured Claim**" shall mean an unsecured Claim against Debtor (a) for which a Proof of Claim has been timely filed with the Court by the Bar Date, or, with leave of the Court and without objection by any party-in-interest, late-filed and as to which neither the Debtor nor any party-in-interest files an objection or as to which the Claim is allowed by Final Order of the Court, or (b) scheduled in the list of creditors, as may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, as to which no objection to the allowance thereof has been interposed through closing of this case, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending. This category includes all Claims deemed unsecured pursuant to §506(a) of the Code.

5. "**Bar Date**" shall mean the date fixed by the Court as the last date for filing all Claims in this case other than Administrative and Priority Claims or Rejection Claims.

6. "**Case**" shall mean this Chapter 11 case.

7. "**Claim**" shall mean any right to payment from the Debtor as of the date of entry of the Order Confirming Plan whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or can be asserted by way of set-off. Claim includes any right or cause of action based on a pre-petition monetary or non-monetary default.

8. "**Claimant**" shall mean the holder of a Claim.

9. "**Class**" shall refer to a category of holders of Claims or interests which are "substantially similar" as provided for in Section 1122 of the Code.

10. "**Code**" shall mean the United States Bankruptcy Code, being title 11 of the United States Code, as enacted in 1978 and thereafter amended.

11. "**Confirmation**" or "**Confirmation of this Plan**" shall mean entry by the Court of an Order confirming this Plan at or after a hearing pursuant to Section 1129 of the Code.

12. "**Confirmation Date**" shall mean the date on which the Court enters an Order confirming this Plan.

13. "**Court**" shall mean the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, presiding over these Chapter 11 reorganization cases, or any successor court of competent jurisdiction.

14. "**Creditor**" shall mean any person having a Claim against Debtor.

15. "**Debt**" shall mean any obligation of Debtor, alone, and any obligation of Debtor and any other Person, to any Entity.

16. "**Debtor**" shall mean Signature Car Spa I, L.P., and the Debtor in the above-styled and numbered case.

17. "**Disbursing Agent**" shall mean the Reorganized Debtor.

18. "**Effective Date**" shall mean thirty days after the Final Confirmation Date.

19. "**Entity**" shall include Person, estate trust, governmental unit and the United States Trustee.

20. "**Equity Interest Holders**" shall mean holders of the equity interests in the Debtors.

21. "**Final Confirmation**" shall mean that date which is eleven (11) days following the entry of the Order Confirming Plan, during which period of time no Notice of Appeal is filed, or if a Notice of Appeal is filed, during which period of time no Motion for Stay Pending Appeal is granted or supersedeas bond is approved and filed.

22. "**Order Confirming Plan**" shall mean the Order of the Court determining that this Plan meets the requirements of Chapter 11 of the Code and is entitled to confirmation or filed for relief under Chapter 11 of the Code.

23. "**Petition Date**" shall mean the date on which the Debtor filed this proceeding,

September 29, 2004.

24.     "**Plan**" shall mean this Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

25.     "**Priority Claim**" shall mean any Claim entitled to priority pursuant to Section 507(a) of the Code except for Tax Claims and Claims incurred by the Debtor post-petition in the ordinary course of business.

26.     "**Rejection Claim**" shall mean any Claim arising out of the rejection of a lease or executory contract pursuant to Section 365 of the Code, which Claim shall be treated as an Unsecured Claim.

27.     "**Reorganized Debtor**" shall mean the entity which shall assume title to and control of the Debtors' assets and liabilities upon confirmation as provided herein.

28.     "**Secured Claim**" shall mean an Allowed Claim secured by a lien, security interest, or other encumbrance on the properties owned by the Debtor, which lien, security interest, or other encumbrance has been properly perfected as required by law, to the extent of the value of the property encumbered thereby.  That portion of such Claim exceeding the value of the security held therefor shall be an Unsecured Claim, as defined below and determined pursuant to 11 U.S.C. §506(a).

29.     "**Substantial Consummation**" shall occur upon Debtor's commencement of payments to creditors as provided in this Plan.

30.     "**Tax Claims**" shall mean any Claim entitled to priority under Section 507(a)(8) of the Code and shall include the claims of taxing authorities for taxes owed on the property retained by the Debtor under this Plan.

31.     "**Unsecured Claim**" shall mean any Allowed Claim, whether or not liquidated or contingent other than a Priority Claim, a Tax Claim, or a Secured Claim.

## ARTICLE 2
## CERTAIN GENERAL TERMS AND CONDITIONS

The following general terms and conditions apply to this Plan:

2.1     Claims and Debts:  Various types of **Claims** and **Debts** are defined in this **Plan**.  This **Plan** is intended to deal with all **Claims** and **Debts** against the **Debtor** of whatever character whether or not contingent or liquidated and whether or not allowed by the **Court** pursuant to Section 502(a) of the **Code** and all **Claims** and **Debts** will receive the treatment afforded in Articles of this **Plan**.  **Claims** and **Debts** incurred by the **Debtor** post-petition, including ad valorem taxes, in the ordinary course of business will be paid by the **Debtor** according to their terms as they come due.

2.2   **Securities Laws**:  The issuance of any security in satisfaction of indebtedness under this **Plan** may be exempt from registration under certain State and Federal securities laws by virtue of Section 1145 of the **Code** and the exemption therein contained.

2.3   **Time for Filing Claims**:  With respect to those **Claims** that have been identified in the Schedules filed pursuant to Section 521(1) of the **Code** and which have been scheduled as "disputed," "contingent," or "unliquidated," said **Claimants** must file a proof of claim bearing the case number of the above-styled and referenced proceeding with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, on or before the **Bar Date** to participate under this **Plan**.  **Claims** scheduled as disputed, contingent, or unliquidated filed after the **Bar Date** shall not be allowed, and shall not participate in the distributions contemplated by this **Plan**.  **Claims** arising from rejection of a lease or executory contract and administrative claims shall be filed with the **Court** within thirty (30) days following the **Confirmation Date of this Plan**.

2.4   **Modifications to Plan**:  In accordance with Bankruptcy Rule 3019, to the extent applicable, this **Plan** may be modified upon application of **Debtor** or corrected prior to **Confirmation** without notice and hearing and without additional disclosure pursuant to Section 1125 of the **Code** provided that, after hearing on and notice to the creditors, the **Court** finds that such modification does not materially or adversely affect any **Creditor** or **Class of Creditor**.

## ARTICLE 3
## TREATMENT OF UNCLASSIFIED CLAIMS
## (CERTAIN ADMINISTRATIVE CLAIMS AND PRIORITY CLAIMS)

3.1   All trade and service debts and obligations, including ad valorem taxes, incurred in the normal course of business by the **Debtor** on or after the **Petition Date** will be paid when due in the ordinary course of the Debtor's business unless a different time for payment is specified in this Plan.

3.2   Each governmental unit holding a post-petition **Claim** arising out of taxes assessed against property of the estate, also including "ad valorem property taxes," but limited as provided by Section 502(b)(3) of the **Code**, shall be paid in full when said **Claims** are due.

## ARTICLE 4
## DIVISION OF CREDITORS INTO CLASSES

4.1   Classification of Claims:  This Classification of **Claims** is made for purposes of voting on this **Plan**, making distributions thereunder, and for ease of administration thereof.  Unless specifically provided otherwise herein, on the **Confirmation Date this Plan** discharges and extinguishes all **Claims** and **Debts** against the **Debtor** of whatever character, whether allowed by the **Court** or otherwise.

4.2   **Class 1**:   Consists of **Allowed Administrative Claims  Attorney fees and US Trustee Fees** (Not Impaired)
**Class 2**:   Consists of **Allowed Tax Claims** (Impaired)

    **Class 3**:    Consists of **Allowed Secured Claim of US Bank** (Impaired)
    **Class 4**:    Consists of **Allowed Unsecured Claims less than $5,000** (Impaired)
    **Class 5**:    Consists of **Allowed Unsecured Claims of more than $5,000** (Impaired)
    **Class 6**:    Consists of **Allowed Equity Interest Holder Claims**. (Not Impaired)

## ARTICLE 5
## TREATMENT OF CLASSES

5.1    Satisfaction of Claims and Debts: The treatment of and consideration to be received by holders of **Allowed Claims** or interests pursuant to this Article of this Plan shall be in full settlement, release and discharge of their respective **Claims**, **Debts**, or interests as against the **Debtor** subject to the provisions herein. On the **Confirmation Date**, the **Reorganized Debtor** shall assume all duties, responsibilities and obligations for the implementation of this **Plan**. Any class of **Claimants** failing to vote on this **Plan** shall be deemed to have accepted this **Plan** in its present form or as modified or amended as permitted herein.

5.2    **Class 1 Claimants (Allowed Administrative Claims of Professionals and US Trustee)** are unimpaired and will be paid in cash and in full on the **Effective Date** of this **Plan**. Professional fees are subject to approval by the **Court** as reasonable. **Debtors'** attorney's fees approved by the Court and payable to the law firm of Eric Liepins, P.C. will be paid immediately following the later of **Confirmation** or approval by the **Court** out of the available cash. Class 1 **Creditor Allowed Claims** are estimated as of the date of the filing of this **Plan** to not exceed the amount of $10,000 including Section 1930 fees. Section 1930 fees shall be paid in full prior to the **Effective Date**. The **Debtor** is required to continue to make quarterly payments to the U.S. Trustee and may be required to file post-confirmation operating reports until this case is closed. The Class 1 Claimants are not impaired under this **Plan**.

5.3    **Class 2 Claimants** (Allowed Tax Creditor Claims) are impaired and shall be satisfied as follows: The Allowed Amount of all **Tax Creditor Claims** shall be paid out of the revenue from the continued operations of the business. The Internal Revenue Service ("IRS") has filed a claim for 941 taxes based upon unfiled returns in the amount of $13,084. The Debtor believes these returns were filed or if not filed will be filed and will show no outstanding tax liability. However, to the extent the IRS claim exists it will be treated as a priority claim. This claim will be paid in full over a 72 month period from date of assessment commencing on the **Effective Date**, with interest at a rate of 6% per annum. In the event the entire amount alleged is due, the monthly payment shall be approximately $216.. The **Tax Creditor Claims** to be the Dallas County, City of Cedar Hill, and Cedar Hill ISD ("Tax Claims") for real and business personal property taxes for the year 2004 in the total amount of $18,042.14. These taxes shall be paid over a period of 72 months with interest at a rate of 5% per annum, resulting in a monthly payment of $290.57 commencing on the Effective Date. The Tax Claims will be allowed post-petition pre confirmation statutory interest at the rate of 12% per annum and post confirmation interest at the rate of 5% per annum. The Debtor retains the right to pre-pay this amount at anytime without penalty for early payment. The Debtor will pay year 2005 property taxes owed to Tax Claimants in the ordinary course of business. The Debtor shall have 60 days from the entry of the order confirming the plan to object to Tax

Claims. The **Tax Claimants** shall retain their liens on these properties until they receive payment in full. Class 2 Claimants are impaired under this **Plan**.

**Class 3 Claimants (Allowed Secured Claim of US Bank)** are impaired and shall be satisfied as follows: the Allowed Secured Claims of **US Bank ("USB")** shall be divided into two parts, a secured portion and an unsecured portion. The secured portion shall represents the value of the collateral of **USB** as of the **Effective Date**. The total value of the assets as an ongoing concern securing the **USB** indebtedness is $900,000. Therefore, **USB** will be allowed a Class 3 claim in the amount of $900,000 and a Class 5 claim of $300,000. The Class 3 claim shall be paid with interest at a rate of 5% per annum, commencing on the **Effective Date**. The Class 3 claim shall be based upon a 25 year amortization and, shall be paid in 300 consecutive monthly payments, in the amount $5,261.31 each.. In the event, **USB** elects to treat its claim as fully secured under section 1111(b) of the **Code**, **USB** will not receive a Class 5 Claim. The Debtor reserves the right to pre-pay the Class 3 claim without penalty at any time. USB shall retain their liens of on the assets of the **Debtor**, but shall release their liens, if any, when paid in full as called for by this **Plan**. The Class 3 Claimants are impaired under this **Plan.**

**Class 4 Claimants (Allowed Claims of General Unsecured Creditors less than $5,000)** are impaired and shall be satisfied as follows: The Allowed claims of **General Unsecured Creditors less than $5,000** will be satisfied out of the continued operations of the company. The **Debtor**'s shall pay to the **Unsecured Creditors less than $5,000** quarterly payments in the total amount of 20% of their Allowed Claim. The payment will commence 90 days after the **Effective Date** and continue for a period of 1 quarter. Based upon the **Debtor**'s review of its books and records and the claims filed in the case, the **Debtor** believes the total amount of Unsecured Claims less than $5,000 to be approximately $20,000.00. The Class 4 creditors are impaired under this **Plan**.

**Class 5 Claimants** (**Allowed General Unsecured Claims of $5,000 or more**) are impaired and shall be satisfied as follows: The Allowed claims of the **General Unsecured Creditors of $5,000 or more** shall receive payments in an amount equal to 10% of their allowed claim over a period of 12 quarterly payments commencing on the last day of the first full calender quarter after the **Effective Date** of the **Plan,** assuming **USB** does not make an election under section 1111(b) of the **Code**. In the event, **USB** elects under section 1111(b) of the **Code**, the **Allowed General Unsecured Creditors of $5,000 or more** shall receive 33% of their allowed claim over the same payment period. Based upon the Proofs of Claim currently on file and the Schedules, the **Debtor** anticipates the total **Allowed General Unsecured Creditors more than $5,000,** excluding the claims of **USB** will not exceed $150,000. The Class 5 Claimants are impaired under the **Plan**. The Class 5 Claimants are impaired under the **Plan**.

**Class 6 Claimants (Allowed Partner Interests)** are not impaired and shall be satisfied as follows: The current equity holders shall be allowed to retain their ownership interest in the **Debtor** in exchange for forfeiting their Class 5 Claim distribution. Class 6 is not impaired.

.

# ARTICLE 6
# MEANS FOR EXECUTION OF THE PLAN

6.1 **Action to be taken:** Any actions required to be taken by the **Debtor** on the **Effective Date** may be taken by the **Debtor** before the **Effective Date** or immediately following the date of **Final Confirmation**.

6.2 **Ongoing Operations:** The Debtor's obligations under this **Plan** will be satisfied out of the ongoing operations of the Reorganized Debtor. The income projections of the Reorganized Debtor are attached to the Disclosure Statement. The Debtor believes the projections to be accurate based upon current sales levels and commitments as well as future prospects for business. The Debtor does not intent to dramatically alter the current expenses and has projected only moderate growth over the Plan term.

6.3 As specified in Section 1125(e) of the Bankruptcy Code, persons that solicit acceptances or rejections of this **Plan** and/or that participate in the offer, issuance, sale or purchase of securities offered or sold under this **Plan**, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, are not liable on account of such solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejection of this **Plan** or the offer, issuance, sale or purchase of securities.

6.4 None of the **Debtors**, the Debtors-in-possession, the **Reorganized Debtor** nor any of their employees, officers, directors, agents or representatives, nor any professionals employed by them or any of their members, agents, representatives or professional advisors, shall have or incur any liability to any person or entity for any act taken or omission made in good faith in connection with or related to formulating, implementing, confirming or consummating this **Plan**, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with this **Plan**.

6.5 Notwithstanding anything contained herein, the **Reorganized Debtor** shall have the right to request the **Court** to disallow any claim of any **Entity** from which property is recoverable under Sections 542, 543, 550, and 553 of title 11, or that is a transferee of a transfer avoidable under Sections 544, 545, 548, or 549 of title 11 unless such **Entity** or transferee has paid the amount, or turned over any such property, for which such **Entity** or transferee is liable.

# ARTICLE 7
# SECTION 1129(b)(2)

7.1 The **Court** may confirm this **Plan** even though less than all of the Classes of **Claims** and interests accept it. The requirements for confirmation of a plan over the objection of one or more classes of claims or interests are set forth in Section 1129(b) of the **Code**. Accordingly, **Debtor**, as the plan proponent, requests the **Court** to determine that this **Plan** does not discriminate unfairly, and is fair and equitable with respect to the rejecting creditor.

## ARTICLE 8
## STATUS OF EXECUTORY CONTRACTS

8.1     All unexpired leases and executory contracts shall be assumed on or before the **Effective Date**.  To the extent there are any unexpired leases or executory contracts, which have not been assumed or dealt with in this **Plan** prior to the **Effective Date**, they are rejected

## ARTICLE 9
## EVENTS OF DEFAULT AND EFFECT THEREOF

9.1     In the event that **Substantial Consumation** of this **Plan** does not occur on or before the earlier of the **Effective Date** or 71 days after the Confirmation Date, the **Order of Confirmation** may be vacated by any party in interest, other than the **Debtor**.

9.2     Notwithstanding anything contained herein to the contrary, no **Claimant** shall have the right to enforce any rights under this **Plan** until the **Reorganized Debtor** fails to cure any default hereunder within thirty (30) days of receipt of written notice of such default to **Reorganized Debtor**

9.3.    Default shall occur if one scheduled Plan payment is not made by Debtor or if current taxes are not timely paid pursuant to state law. In the event of default, any party in interest who has not received their required payment, shall send written notice of default as set forth in section 9.2 above. In the event the default is not cured the effected party may proceed with state law remedies for collection of the amounts due it.  In the event the default occurs with respect to the claim of Dallas County, Dallas County shall send notice of default under the plan via facsimile to James Tetteh at 115 W. Beltline Road Cedar Hill, Texas (972) 709-6016 (fax) . In the event of default of payment to Dallas County is not cured within ten (10) days of the date of the facsimile, Dallas County may proceed to enforce its state law remedies outside of the bankruptcy court. Dallas County shall be required to send no more that two notices of default with opportunity to cure. In the event of a third default, Dallas County shall be authorized to proceed to collect all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.

## ARTICLE 10
## DISCHARGE

10.1    Upon **Confirmation**, to the extent that a **Claim** or **Debt** has not been dealt with under this **Plan**, such **Claim** or **Debt** will be released.

10.2    The automatic stay imposed by Section 362 of the **Code** or any preliminary injunction granted by the **Court** to allow for **Substantial Consummation** of this **Plan** shall remain in effect until the **Effective Date**.

10.3    NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, NEITHER **DEBTOR**, **REORGANIZED DEBTOR**, THE OFFICERS AND DIRECTORS OF THE DEBTORS NOR THE SHAREHOLDERS SHALL BE DISCHARGED AND RELEASED FROM ANY LIABILITY FOR **CLAIMS** AND **DEBTS** UNDER THIS **PLAN**, HOWEVER, THE

EXCLUSIVE REMEDY FOR PAYMENT OF ANY **CLAIM** OR **DEBT** SO LONG AS THE **PLAN** IS NOT IN DEFAULT SHALL BE THE **PLAN.**

## ARTICLE 11
## AMENDMENTS TO THE PLAN

11.1   **Debtor** may modify this **Plan** following **Confirmation** and before **Substantial Consummation** to the extent consistent with the requirements of section 1122 and 1123 of Title 11. The **Plan** as modified becomes the **Plan** if circumstances warrant modification and the **Court** approves of such modifications.

11.2   In the event of modification of this **Plan** pursuant to Section 11.1, any holder of a **Claim** or interest that has accepted or rejected this **Plan** is deemed to have accepted or rejected, as the case may be, the **Plan** as modified, unless, within ten (10) days of service of the Plan modifications upon such holder, such holder changes its previous acceptance or rejection.

## ARTICLE 12
## EFFECT OF CONFIRMATION

12.1   The provisions of this **Plan** bind **Debtor**, any **Entity** issuing securities under this **Plan**, any **Entity** acquiring property under this **Plan**, and any **Creditor** or **Equity Interest Holder**, whether or not the **Claim** or interest of such **Creditor** or **Equity Interest Holder** is impaired under the Plan and whether or not such **Creditor** or **Equity Interest Holder** has accepted this **Plan**.

12.2   All property of the estate is vested in the **Reorganized Debtor**.

12.3   All property of the **Reorganized Debtor** is free and clear of all **Claims** and interests of **Creditors** and **Equity Interest Holders**, except as to claims, secured claims or secured debentures and interests specifically granted in this **Plan**.

12.4   All **Debts** that arose before the **Confirmation Date** and any **Debt** of a kind specified in Section 502(g), 502(h) or 502(i) of the **Code**, whether or not a proof of claim based on such **Debt** is filed or deemed filed under Section 501, whether or not such **Claim** is allowed under Section 502; and whether or not the holder of such **Claim** has accepted this **Plan**; are, fully and finally satisfied by this **Plan**.

## ARTICLE 13
## MISCELLANEOUS PROVISIONS

13.1   The obligations under this **Plan** to any particular **Claim** are governed by the laws of the State constituting the situs of the **Debt** represented by that particular **Claim** described in this **Plan**.

13.2   **Equity Interest Holders** are relieved from all liability, obligation or duty to initiate or pursue any causes of action of **Debtor** against any **Entity**.

  13.3 Any caption herein is for convenience only and does not affect the construction of the **Plan**.

  13.4 Any distribution pursuant to this **Plan** which remains unclaimed for a period of six (6) months from the due date of such distribution is forfeited.

## ARTICLE 14
## RETENTION OF JURISDICTION

  Until this case is closed, the **Court** retains jurisdiction of the following matters only:

  14.1 To direct any necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a Transfer of property dealt with by the **Plan** and to perform any other act, including the satisfaction of any **Lien**, that is necessary for the consummation of this **Plan**.

  14.2 To allow or disallow **Claims**.

  14.3 To hear and determine all **Claims** arising from the rejection of executory contracts and unexpired leases which are included in Debtor's estate and to consummate rejection and termination thereof in connection with Debtor's estate and/or implementation of the **Plan**.

  14.4 To liquidate damages or estimate **Claims** in connection with any disputed, contingent or unliquidated **Claims**.

  14.5 To adjudicate all **Claims** to an ownership interest in any property of Debtor's estate.

  14.6 To recover all assets and properties, including by lawsuit, of **Debtor's** estate wherever located.

  14.7 To hear and determine **Claims** concerning Federal, State and local taxes pursuant to Section 346, 505, 525 and 1146 of the **Code**.

  14.8 To hear and determine any action or proceeding brought by **Debtor** or the **Reorganized Debtor** under Section 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the **Code**, whether such action or proceeding is brought before or after the **Effective Date**.

  14.9 To hear and determine any core proceeding, whether such proceeding is brought before or after the **Effective Date**.

  14.10 To determine the validity, extent and priority of all **Liens** and security interests against property of **Debtor's** estate.

  14.11 To consider any modification of this **Plan** under Section 1127 of the **Code** or under Bankruptcy Rule 3020 and/or modification of this **Plan** after **Substantial Consummation** as defined herein.

14.12   To hear and determine all requests for compensation and/or reimbursement of expenses of professionals.

14.13   To hear and determine **Reorganized Debtor's** requests for orders as are consistent with this **Plan** as may be necessary or desirable to carry out the provisions thereof.

14.14   To enter an order closing this case.

        Respectfully submitted,

        Signature Car Spa I, L.P

        _/s/ James Tetteh_____
        By: James Tetteh
        Its: Managing Partner

ERIC LIEPINS, P.C.
ERIC LIEPINS
12770 Coit Road
Suite 1100
Dallas, Texas 75251
(972)991-5591
(972) 991-5788 - telecopier